1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7

8  VERONICA GARZA,

9          Plaintiff,                      NO.  1:14-cv-03133-SAB

10         v.

11 CAROLYN W. COLVIN, Acting               **ORDER DENYING**
12 Commissioner of Social Security         **PLAINTIFF'S MOTION FOR**
13 Administration,                         **SUMMARY JUDGMENT;**
14         Defendant.                      **GRANTING DEFENDANT'S**
15                                          **MOTION FOR SUMMARY**
16                                          **JUDGMENT**
17

18         Before the Court are Plaintiff's Motion for Summary Judgment, ECF No.
19 16, and Defendant's Motion for Summary Judgment, ECF No. 25. The motions
20 were heard without oral argument. Plaintiff is represented by D. James Tree.
21 Defendant is represented by Assistant United States Attorney Pamela De Rusha
22 and Special Assistant United States Attorney Daphne Banay.

23 **I.    Jurisdiction**

24         On April 14, 2009, Plaintiff filed a Title II application for disability
25 insurance benefits and also filed a Title XVI application for supplemental security
26 income (SSI) on the same day. Plaintiff alleged she is disabled beginning January
27 23, 2009, due to nerve damage of the right arm/hand, degenerative disc disease,
28 scoliosis, upper and lower back injury, as well as depression and anxiety.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

Her application was denied initially on April 14, 2009 and again denied on reconsideration on December 3, 2009. A timely request for a hearing was made.

On April 27, 2011, Plaintiff appeared and testified in Yakima, Washington before Administrative Law Judge (ALJ) Gene Duncan, who presided over the hearing by video from Spokane, Washington. Marian Martin, Ph.D, medical expert, and, Daniel McKinney, Sr., vocational expert, also appeared and testified. Plaintiff was represented by attorney Chad Hatfield.

The ALJ issued a decision on May 24, 2011, finding that Plaintiff was not disabled, and the Appeals Council upheld the decision. Plaintiff sought relief in the Eastern District of Washington, 2:12-cv-03039-JPH. Ultimately, the parties stipulated for remand. The remand order directed the ALJ to provide Plaintiff with an opportunity for a new hearing; re-evaluate the medical evidence, including but not limited to the opinions of Marian Martin, Ph.D, and Alfred Scottolini, M.D.; re-evaluate Plaintiff's residual functional capacity in accordance with Social Security rule (SSR) 96-8p; re-assess Plaintiff's ability to perform other work at step five of the sequential evaluation process; and obtain vocational expert testimony, including resolving any conflicts between the Dictionary of Occupational Titles and the vocational expert's testimony in accordance with SSR 00-4p. ECF Nos. 22; 23.

On April 22, 2014, Plaintiff appeared and testified in Yakima, Washington before ALJ Wayne N. Araki. Trevor Duncan testified as a vocational expert. Plaintiff was represented by attorney D. James Tree.

ALJ Araki issued an opinion on May 28, 2014, finding that Plaintiff was not disabled. The ALJ's decision is the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 12, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

substantial gainful activity?  20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f).  If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004)."If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.    Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the second hearing, Plaintiff was 38 years old. She attended school through the eighth grade and earned her GED. She has two adult children. She has past work experience at a cookie factory in which she was a quality control inspector, and as a certified nurse assistant (CNA). She also has some limited retail clerk experience.

Plaintiff was injured a number of times on the job. The first injury occurred in 2000, when she sustained a lifting injury. The second injury occurred at the cookie factory when she pulled her upper right arm after she dropped a weight. The second time occurred in 2009 when she working as a CNA. Plaintiff also suffers from depression, anxiety, and headaches.

She testified that she is in constant pain with her back. She has difficulty holding on to things. She rarely goes outside the house. She usually has someone do her grocery shopping for her and she does not drive. She was tearful and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

anxious throughout the hearing.

**V.    The ALJ's Findings**

        The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2014. (Tr. 622.)

        At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 23, 2009, the application date. (Tr. 622.)

        At step two, the ALJ found Plaintiff has the following severe impairments: back/neck disorder, affective disorder, and anxiety disorder. (Tr. 623.)

        At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.04 (Disorders of the Spine); 12.04 (Affective Disorders), and 12.06 (Anxiety-Related Disorders). (Tr. 623.)

        The ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)[1] except with the following exertional limitations: She can stand or walk for two-hour intervals eight-hours per day. She can sit for two-hour intervals with brief stretch breaks eight-hours per day. She cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs, balance, kneel, crouch, stoop, and crawl. Her non-exertional limitations include being able to remember, understand, and carry out instructions and tasks generally required by occupations with a SVP of 1-2; and can have occasional, superficial interaction with the general public and occasional interaction with coworkers and supervisors. (Tr. 625.)

---

[1] (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 628.)

At step five, the ALJ found that after considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 629.) Specifically, the vocational expert found that Plaintiff would be able to perform the representative occupations such as production assembler; housekeeper; hand packager; assembler; and bench assembler. (Tr. 629.) As such, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 23, 2009, through May 28, 2014.

**VI.    Issues for Review**

1.  Whether the ALJ properly determined that Plaintiff's hand and arm condition does not constitute severe impairment and properly rejected the manipulative limitations opined by Dr. Scottolini?

2.  Whether the ALJ properly evaluated the medical opinion evidence?

3.  Whether the ALJ properly rejected Plaintiff's symptom testimony?

4.  Whether the ALJ properly concluded that Plaintiff can perform other work existing in the national economy?

**VII.   Discussion**

**1.      Credibility Determination**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible for the following reasons: (1) the overall objective findings do not support her claim of disability; (2) Plaintiff failed to show up for physical therapy appointments to address her chronic pain; (3) the records show generally unremarkable mental status findings; and (4) the record contains inconsistent statements and evidence of symptom exaggeration, including positive Waddell's signs;

The ALJ noted that imaging studies consistently revealed only mild degenerative changes in the neck and back; electrodiagnostic testing revealed no significant evidence of radiculopathy or neuropathy; an x-ray of Plaintiff's lumbar spine showed mild degenerative changes with no subluxation demonstrated with

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

flexion and extension. The ALJ also noted that physical examinations indicate that Plaintiff exhibits intact balance and gait; neck and lumbar range of motion is generally only mildly limited, deep tendon reflexes are intact; and her extremity strength is mostly normal.

The ALJ's findings and conclusion regarding Plaintiff's credibility are supported by substantial evidence and thus, this Court must accept them.

### 2.    Plaintiff's Impairments

The ALJ found that Plaintiff's chronic hand and arm pain causes "no more than mild functional limitations." (Tr. 623.) He reviewed the medical record and concluded that physical examinations of Plaintiff's hands have been "mostly normal." (Tr. 623.)

An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citations omitted). "Great care should be exercised in applying the not severe impairment concept." Social Security Ruling 85-28.

"A 'symptom' is not a 'medically determinable physical or mental impairment' and no symptom by itself can establish the existence of such an impairment. . . No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment." Social Security Ruling 96-4p. "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone." *Id.*

"Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.' *Id.* (citations omitted).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

The ALJ noted that Plaintiff reported experiencing pain in her hands and arms, but that these symptoms cause no more than mild functional limitations. He noted that physical examinations of Plaintiff's hands have been mostly normal, including intact handgrip strength and fine motor skills, and her range of motion throughout the hands and arms were within normal limits.

Substantial evidence supports the ALJ's decision that Plaintiff's complaints of hand and arm numbness and pain are not severe. The Court has reviewed the medical records submitted in the record, and specifically those records relied upon by the ALJ and also relied upon by Plaintiff in arguing that the ALJ erred in making this Step Two determination. Notably, there is a lack of medical signs or laboratory findings that demonstrate the existence of a medically determinable physical or mental impairment regarding her arms and hand. Rather, the record indicates symptoms in which Plaintiff complains of arm and hand pain, but no diagnosis or laboratory findings. Edema in the right and left hands were observed on one occasion (Tr. 346-47); however, other examinations indicate no edema and normal hand grip (Tr. 374; 928.) For instance, Dr. Kruthiventi noted:

> [t]he patient had symmetrical strength bilaterally. Nutrition of the muscles was normal. No wasting of muscles was noted. The patient's hand grip was normal. No specific weakness was noted... Even though the patient mentioned she had right ulnar neuropathy, the needle-prick sensation was felt well by the patient. No significant abnormalities noted. She also had a good appreciation of temperature, touch, vibration, joint position sensation, symmetrically and bilaterally.

(Tr. 374.)

Here, none of the medical opinions include a finding of impairment, a diagnosis, or objective test results regarding Plaintiff's hand and arm pain and numbness. The ALJ did not err in finding Plaintiff's chronic hand and arm pain was not a severe impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005) (holding that claimant failed to meet burden of establishing disability

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

where none of the medical opinions included a finding of impairment, a diagnosis, or objective test results).

### 3. Medical Opinions

Plaintiff argues the ALJ erred by rejecting the opinions of treating provider Ms. Schwarzkopf, Dr. Crank, and medical expert Dr. Martin without providing legally sufficient reasoning for doing so.

The ALJ gave little weight to the opinions of Nancy Schwarzkopf, ARNP, who opined that Plaintiff would be unable to work because: (1) Ms. Schwarzkopf's opinions are inconsistent with the objective medical findings, which show minimal degenerative changes in the cervical and lumbar spine; (2) Plaintiff has exhibited intact balance and gait across multiple examinations; (3) Plaintiff's strength throughout the extremities is mostly normal; and (4) Ms. Schwarzkopf's opinion relies heavily on Plaintiff's subjective complaints, which are not fully credible. (Tr. 627-28.)

The ALJ gave Dr. Crank's opinion that Plaintiff is limited to sedentary work little weight because it is not consistent with the medical evidence that has demonstrated that Plaintiff has intact balance and gait, her range of motion, other than lumbar flexion and extension, are no more than mildly limited, and her upper extremity strength is mostly intact. (Tr. 628.)

At the April, 2011 hearing, Dr. Martin testified that Plaintiff would have moderate limitation in maintaining attention and concentration for extended periods, moderate limitation in working in coordination with others or proximity to others without being distracted, moderate limitation in interacting with the general public and moderate limitation in dealing with pressure,  and responding appropriately to pressure in work settings. The ALJ gave some weight to Dr. Martin's opinion. (Tr. 627.) The ALJ noted that Dr. Martin's opinion generally corresponds to a residual functional capacity limiting Plaintiff to jobs with a SVP of 1-2, with occasional superficial interaction with the general public and

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

occasional interaction with coworkers.

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[2]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

---

[2] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include: (1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631.

Here, the ALJ properly analyzed these medical source opinions by providing specific and legitimate reasons supported by substantial evidence in the record for discounting the opinions. The ALJ provided examples of the objective medical evidence that were inconsistent with Ms. Schwarzkopf's opinions. The ALJ provided examples of where Dr. Crank's opinions were inconsistent with other evidence in the record. Finally, Dr. Martin's opinion generally corresponds to the RFC Assessment.

### 3.    RFC Assessment

The ALJ did not credit Dr. Alfred Scottolini's opinion that Plaintiff could perform light work with manipulative limitations because the ALJ found Plaintiff did not have a severe impairment related to her hands. As set forth above, the ALJ's determination that Plaintiff did not have a severe impairment related to her hands is supported by substantial evidence in the record.

Because the RFC determination is supported by substantial evidence in the record, the ALJ did not commit reversible error.

### 4.    Conclusion

In reviewing the ALJ's opinion, the Court must defer to the Commissioner's decision even if evidence exists to support one or more rational interpretation.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

Here, the evidence reasonably supports either confirming or reversing the ALJ's decision. However, the Court may not substitute its judgment for that of the ALJ. Consequently, the Court affirms the ALJ's determination that Plaintiff is not disabled.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16, is **DENIED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 25, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and close the file.

**DATED** this 5th day of January, 2016.

Stanley A. Bastian
United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14**